J-S43028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRIAN KEITH BARNES | |
| APPEAL OF: JAMES FABIE, BAIL BONDSMAN | No. 1559 MDA 2015 |

Appeal from the Order Entered August 13, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002704-2013

BEFORE: GANTMAN, P.J., PANELLA, J., and JENKINS, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED JULY 07, 2016**

Appellant, James Fabie, bail bondsman, appeals from the order denying his petition for remittance of bail paid to secure the presence of Brian Keith Barnes. Fabie argues that the trial court erred in denying the petition without a hearing. After careful review, we agree and therefore vacate and remand for a hearing.

In his petition, Fabie alleged the following facts. Fabie posted bail of $2,500 for Barnes on charges of endangering the welfare of children and, after an amendment, disorderly conduct. Barnes failed to appear at a pre-trial conference on January 15, 2015. A bench warrant was issued and bail was forfeited. Fabie subsequently obtained a bail piece to detain Barnes.

Fabie was able to locate Barnes in Texas and convince him to return to Pennsylvania by buying him a plane ticket. Fabie also provided an address for Barnes to Texas authorities, and Barnes was ultimately taken into custody by police in Texas. Barnes pled guilty to disorderly conduct on March 10, 2015 and received no further penalty.

Several months later, Fabie filed a petition for remittance of the bail forfeiture. The Commonwealth filed a response, opposing remittance. Without a hearing, the trial court denied Fabie's petition. This timely appeal followed.

We review orders denying remittance of bail forfeitures according to the following standard.

> The decision to allow or deny a remission of bail forfeiture lies within the sound discretion of the trial court. Accordingly, our review is limited to a determination of whether the court abused its discretion in refusing to vacate the underlying forfeiture order. To establish such an abuse, the aggrieved party must show that the court misapplied the law, exercised manifestly unreasonable judgment, or acted on the basis of bias, partiality, or ill-will to that party's detriment. If a trial court erred in its application of the law, an appellate court will correct the error. Our scope of review on questions of law is plenary.

*Commonwealth v. Culver*, 46 A.3d 786, 790 (Pa. Super. 2012) (citation omitted).

In addressing bail forfeiture, the Supreme Court of Pennsylvania has identified a non-exhaustive list of factors relevant to the determination of whether a bail forfeiture order should be enforced. *See Commonwealth v. Hann*, 81 A.3d 57, 67-68 (Pa. 2013). Furthermore, the Supreme Court

noted that the Rules of Criminal Procedure provide for notice to a defendant or surety with a 20 day opportunity to mitigate damages. ***See id***., at 71. Thus, the Supreme Court concluded that "in a case where the Commonwealth has sought forfeiture, and the defendant or his surety opposes it, a hearing should be held." ***Id***., at 72-73. Similarly, this Court has long held that hearings are required when bail remittance is contested. ***Commonwealth v. Nolan***, 432 A.2d 616, 618 (Pa. Super. 1981).

Accordingly, we conclude that the trial court erred in denying Fabie's petition without a hearing. We vacate the order and remand for such a hearing.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2016

- 3 -